The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Darrell Lassan MOORE, Defendant–
Appellant.

No. 01CA1760.

Colorado Court of Appeals,
Div. III.

July 29, 2004.

Ken Salazar, Attorney General, Anthony J. Navarro, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Keyonyu X O'Connell, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Darrell Lassan Moore, appeals the judgments of conviction entered upon jury verdicts finding him guilty of criminally negligent homicide and third degree assault. He also appeals the sentences. We affirm.

After fighting with his wife about her loud music, her spending money, and her drinking, the 300–pound defendant restrained her and sat on her chest until she died of asphyxiation.

At trial, the prosecution introduced evidence of three prior instances of domestic violence by defendant as relevant to the second degree murder and second degree assault charges against him. Ultimately,

however, the jury found him guilty of only criminally negligent homicide and third degree assault, and the trial court sentenced him to consecutive terms of five years in the Department of Corrections for the homicide and one year in county jail for the assault.

## I. Admissibility of Domestic Violence Evidence

■ Defendant contends that the trial court erred in admitting evidence of his prior domestic violence towards his wife. Specifically, he asserts that the People's foundational requirement of proving that he committed the prior acts by a preponderance of the evidence could not be satisfied solely based on an offer of proof. We disagree.

■ In cases involving domestic violence, the admissibility of evidence of prior acts of domestic violence is governed by § 18–6–801.5, C.R.S.2003, and CRE 404(b). *People v. Raglin*, 21 P.3d 419, 424 (Colo.App.2000). Before such evidence is admissible, the trial court must find by a preponderance of the evidence that the prior acts occurred and that the defendant committed them. *See People v. Garner*, 806 P.2d 366, 373 (Colo. 1991) (applying CRE 404(b)); *People v. Ma*, 104 P.3d 273, 274, 2004 WL 1690255 (Colo. App. No. 02CA1848, July 29, 2004)(applying CRE 404(b) and § 18–6–801.5).

In *People v. Groves*, 854 P.2d 1310, 1313 (Colo.App.1992), a division of this court rejected the contention that the preponderance of evidence determination could be made only after an evidentiary hearing. The division concluded that the "trial court possesses the discretion to make this determination in any reasonable manner," including by giving each party the opportunity to present all the evidence in the case using offers of proof. *People v. Groves, supra*, 854 P.2d at 1313.

We agree with the decision in *Groves* and find it equally applicable here. In this case, as in *Groves*, both parties were given the opportunity to present all the evidence in the case by offers of proof, and the trial court considered all the evidence and made the requisite findings.

As to the first incident, the court found that "although there may be difference of opinion as to ancillary matters, the fact that ... the defendant banged the head of the victim into the trailer four or five times would be established by [two witnesses] by a preponderance of the evidence." The court also found that, despite the victim's later recantation, the second incident was sufficiently "established by virtue of the [victim's] excited utterance to the police ... that ... she had been stabbed by the defendant." Finally, the court found that the third incident, for which defendant had been convicted, had been "established by the appropriate standard of proof."

Upon our review of the record, we conclude that the trial properly made its preponderance of evidence determination based solely on the parties' offers of proof.

## II. Lack of Contemporaneous Limiting Instructions

■ Defendant contends that the trial court erred in failing to give contemporaneous limiting instructions in connection with testimony about two of the prior instances of domestic violence. We are not persuaded.

Section 18–6–801.5(5), C.R.S.2003, requires that a trial court instruct the jury on the limited purposes for which other domestic violence evidence may be considered at the time the evidence is admitted and again in the closing charge to the jury.

■ We note, however, that, because defendant failed to object to the lack of the contemporaneous limiting instructions or to request additional ones, reversal is not warranted in the absence of plain error. *See People v. Warren*, 55 P.3d 809, 815 (Colo. App.2002).

■ Contrary to defendant's assertion, plain error is not established simply because the trial court was required by statute to provide contemporaneous limiting instructions. *See People v. Underwood*, 53 P.3d 765, 772 (Colo.App.2002)(quoting *People v. Wilson*, 838 P.2d 284, 290 (Colo.1992), and noting that *People v. Roberts*, 738 P.2d 380 (Colo.App.1986), did not establish a per se rule requiring automatic reversal upon the

court's failure to sua sponte give a contemporaneous limiting instruction under § 16–10–301(4), C.R.S.2003, concerning similar transaction evidence in sex assault cases: "The plain error cases continue to 'turn on their particular facts.' ").

■ Plain error occurs when an error so undermines the fundamental fairness of a trial as to cast serious doubt on the reliability of the judgment of conviction. *People v. Garcia*, 28 P.3d 340, 344 (Colo.2001).

Here, although the trial court did not give the limiting instruction during the testimony of two witnesses, it alleviated any potential prejudice by (1) giving the instruction during the testimony of a third witness; (2) stating, at that time, that the instruction applied not only to the testimony of that witness, but also to the testimony of the other two witnesses; and (3) providing the jury with a written instruction at the close of the evidence explicitly reminding it that the testimony of the three witnesses had been admitted only for a limited purpose.

Under these circumstances, we conclude that the court's failure to give contemporaneous limiting instructions did not cast a serious doubt on the reliability of defendant's conviction and, thus, was not plain error. *See People v. Warren, supra*, 55 P.3d at 815 (oral limiting instruction given following cross-examination of witness and written instruction given in final charge); *People v. Marion*, 941 P.2d 287, 293–94 (Colo.App.1996)(limiting instruction given on rebuttal, but not earlier on cross-examination).

### III. Hearsay and Confrontation

■ Defendant contends that the trial court improperly admitted into evidence, as an excited utterance, the wife's out-of-court statement implicating him in a prior instance of domestic violence. He also contends that the admission of this statement violates his constitutional right to confront adverse witnesses. We perceive no error.

### A. Hearsay

■ Under CRE 803(2), a hearsay statement is admissible as an excited utterance if its proponent shows (1) an occurrence or event was sufficiently startling to render inoperative the normal reflective thought processes of an observer; (2) the declarant's statement was a spontaneous reaction to the event and not the result of reflective thought; and (3) direct or circumstantial evidence supports an inference that the declarant had the opportunity to observe the startling event. *People v. Dement*, 661 P.2d 675, 678–79 (Colo.1983); *People v. Martinez*, 18 P.3d 831, 835 (Colo.App.2000).

■ The trial court is afforded wide discretion in determining whether a statement is admissible as an excited utterance, and if the evidence supports the trial court's ruling, we will not disturb it on appeal. *People v. Martinez, supra*, 18 P.3d at 835.

Here, a police officer testified that (1) he arrived at defendant's home to investigate a stabbing just as the wife was being transported out of her house towards an ambulance; (2) the wife had been stabbed; (3) inside the ambulance, he asked her what happened; (4) she told him that her boyfriend, defendant, stabbed her; and (5) based on the circumstances reflected in his report, he thought the victim was still under the stress or excitement of having been stabbed.

Defendant erroneously asserts that the police officer's lack of independent recollection whether the victim was actually under the stress or excitement of having been stabbed required exclusion of the statement. Being stabbed is a startling event, *see People v. Martinez, supra*, 18 P.3d at 835 (an assault is "clearly a 'startling event' "), and it was within the trial court's discretion to determine that the wife, on her way to an ambulance immediately after being stabbed, was still under the excitement or stress of the stabbing. *See United States v. Golden*, 671 F.2d 369, 371 (10th Cir.1982)("[t]he facts presented indicate that there was no reason to suspect that the victim was no longer 'under the stress of excitement caused by the event' " when he made the statement).

■ Because the excited utterance exception extends to statements made in response to questioning, *People v. Hulsing*, 825 P.2d 1027, 1032 (Colo.App.1991), and because the

record here supports the trial court's application of the excited utterance exception, we find no abuse of discretion in the admission of the victim's statement into evidence. *See People v. Martinez, supra,* 18 P.3d at 835; *People v. Fincham,* 799 P.2d 419, 423 (Colo. App.1990)(no error in admitting statement where court is satisfied that the event was sufficient to cause adequate excitement); *Kielsmier v. Foster,* 669 P.2d 630, 633 (Colo.App.1983)(admitting, as excited utterance, statement made by injured biker to ambulance driver at scene of accident).

### B. Confrontation

■ We also reject defendant's argument that reversal is required because the statement was admitted in violation of his federal and state constitutional rights to confront adverse witnesses.

Because defendant did not object at trial to the admission of the statement on confrontation grounds, reversal is warranted only upon a finding of plain error. *See People v. Kruse,* 839 P.2d 1, 3 (Colo.1992).

To qualify as plain error, an error must not only seriously affect the substantial rights of the accused, it must also be obvious error. *Moore v. People,* 925 P.2d 264, 268 (Colo.1996).

Both the United States and the Colorado Constitutions guarantee persons accused of crimes the right to confront witnesses presented against them. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16.

■ However, a defendant's misconduct may work a forfeiture of the constitutional right of confrontation with respect to a witness or potential witness whose absence the defendant wrongfully procures. *See Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 1370, 158 L.Ed.2d 177 (2004)(rule of forfeiture by wrongdoing extinguishes an otherwise viable confrontation claim); *see also, e.g., State v. Henry,* 76 Conn.App. 515, 820 A.2d 1076, 1086 (2003).

Under this rule, a defendant is not to benefit from his or her wrongful prevention of future testimony from a witness, regardless whether that witness is the victim in the case. *See United States v. Emery,* 186 F.3d 921, 926 (8th Cir.1999); *see also People v. Pappalardo,* 152 Misc.2d 364, 369, 576 N.Y.S.2d 1001, 1004 (Sup.Ct.1991)("the specific method used by a defendant to keep a witness from testifying is not determinative").

Here, there is no dispute that the victim was unavailable to testify because of her death and that her death was the result of defendant's actions. Therefore, we conclude that defendant forfeited his right to claim a confrontation violation in connection with the admission of the victim's statements into evidence. *See State v. Meeks,* 277 Kan. 609, 88 P.3d 789, 794–95 (2004)(defendant forfeited right of confrontation by killing victim).

Thus, we perceive no cognizable confrontation error, much less plain error, here.

### IV. Consecutive Sentences

■ Finally, defendant asserts that the trial court erred in sentencing him to consecutive terms because, as in *People v. Page,* 907 P.2d 624, 637 (Colo.App.1995), "it is possible that the jury relied on the same evidence to convict" him of both the criminally negligent homicide and third degree assault charges. We disagree with defendant.

In *People v. Page, supra,* 907 P.2d at 637, a division of this court recognized that (1) concurrent sentencing is required under § 18–1–408(3), C.R.S 2003, when criminal counts are based on the same act or series of acts arising from the same criminal episode and the evidence supporting the counts is identical; and (2) whether the evidence supporting two or more offenses is identical turns on whether the charges result from the same discrete act, so that the evidence of the act is identical, or from two or more acts fairly considered to be separate acts, so that the evidence is different.

The division in *Page* found that separate and discrete acts supported the charges in that case. Nonetheless, the division concluded that, because the prosecution lumped the acts together in closing argument and the instructions did not direct the jury to use one act for one charge and the other act for the other charge, "the prosecutor failed to establish a basis for depriving defendant of his

right to concurrent sentencing under § 18–1–408(3)." *People v. Page, supra,* 907 P.2d at 638.

We decline to follow the *Page* division's view with respect to the lengths to which the prosecutor or the court must go to preserve the court's traditional authority to impose concurrent or consecutive sentences where the accused was convicted of separate offenses occurring during the same criminal episode. *See People v. Anderson,* 187 Colo. 171, 174–75, 529 P.2d 310, 312 (1974); *see also People v. Montgomery,* 669 P.2d 1387, 1389 (Colo.1983).

 Under § 18–1–408(3), a defendant's "right" to concurrent sentencing turns upon whether the convictions "are supported by identical evidence." If they are so supported, then concurrent sentences must be imposed; if they are not, then concurrent sentences need not be imposed. *See Qureshi v. Dist. Court,* 727 P.2d 45, 47 (Colo.1986). Nothing in either the text of § 18–1–408(3) or numerous cases decided before *Page* supports the view that the traditional power of a court to impose consecutive sentences was limited by the prosecution's argument or the instructions in a particular case.

The *Page* division turned the purely evidentiary test of § 18–1–408(3) into a prosecutorial argument-instruction test. Because *Page* converted the pertinent statutory test of whether counts *are* supported by identical evidence into one of whether the counts *could possibly be* supported by identical evidence, we decline to follow it.

We note that the supreme court has recently granted certiorari review of this very issue. *See People v. Muckle,* 2004 WL 877654, (Colo. No. 03SC775, granting cert. Apr. 26, 2004).

Even if the supreme court ultimately decides that a *Page* analysis is appropriate, relief would nonetheless not be warranted in this case: the circumstances here foreclose the possibility that defendant was found guilty of both counts based on the same evidence.

A forensic pathologist testified that the injuries he saw "can be divided up into two different categories." He described the first category as "blunt impact type of injuries," such as "scratches and bruises," that result from "some sort of concussion when someone suffers a blow to the head." He related that the victim had several blunt impact injuries on her head, neck, face, shoulder, and elbow and that her head injury was consistent with a hard punch or being slammed against the floor. The pathologist then described the internal injuries that resulted from "mechanical chest compression" or the application of pressure on the victim's chest, which prevented her from breathing and ultimately caused her death.

This evidence was sufficient to permit the jury to infer that defendant assaulted his wife through blunt force to her head and body and then killed her by exerting the pressure of his body weight on her chest. Indeed, defendant argued to the jury that the wife's head injury and other abrasions to her skin constituted a third degree assault. The prosecution did not, as in *Page,* argue otherwise or combine these acts with the act that caused her death.

Because the evidence supporting the separate counts cannot reasonably be viewed as identical, we conclude that the trial court properly acted within its discretion in imposing consecutive sentences. *See Qureshi v. Dist. Court, supra,* 727 P.2d at 47; *People v. Martinez,* 36 P.3d 154, 165 (Colo.App.2001)(different acts).

The judgments and sentences are affirmed.

Judge GRAHAM and Judge STERNBERG * concur.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.