The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Jimmy MULLINS, Defendant–Appellant.

No. 02CA0465.

Colorado Court of Appeals,
Div. III.

Sept. 9, 2004.

Rehearing Denied Nov. 10, 2004.

Ken Salazar, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Jimmy Mullins, appeals the judgment of conviction entered on jury verdicts finding him guilty of first degree assault-heat of passion. We reverse and remand.

In February 2001, defendant, victim, and R.A. were living in an apartment rented by R.A. in a housing project in Denver. The victim arrived home one evening and placed twenty dollars on a table. Later, the victim discovered the twenty dollars was missing and accused defendant of taking it. A physical struggle ensued in which the victim threw defendant through a wall, punched him in the nose, and choked him. Defendant then removed twenty dollars from his pocket and put it on the table.

The altercation continued outside the apartment. The victim testified that he saw defendant talking to a friend outside, and he went up to them and told them he did not want any trouble. The victim then felt something hit him in the ribs. Defendant ran away, and the victim realized that he had been stabbed.

Regarding the same occurrence, defendant's former girlfriend testified that she observed defendant and the victim fighting outside the apartment. According to the girlfriend, the victim told defendant he had something for him and pulled the stocking cap off his head as though he had something in it, prompting defendant to pull an object out of his back pocket.

After the victim was stabbed, he returned to the apartment, and R.A. called 911. While R.A. and the victim were waiting for help to arrive, defendant knocked on the door and said that he was sorry and had not meant to do it.

That night, defendant's former girlfriend gave a written statement to police stating that she believed defendant acted in self-defense.

Later, defendant was arrested and interrogated by police in connection with this incident. During the interrogation, after he was advised of and waived his Miranda rights, defendant stated that when the victim choked him, he passed out and could not remember anything that happened after that.

At trial, defendant waived his right to testify, and the jury was instructed that his choice could not be used to infer guilt. Defendant then called one witness, his former girlfriend, to testify in support of his defense of self-defense.

Defendant was convicted, and this appeal followed.

## I. Arrest Warrant Testimony

■ Defendant argues the trial court erred by allowing the investigating officer to testify regarding the procedure by which the

police obtained a warrant to arrest him. We agree.

## A. Relevancy

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." CRE 401. Evidence that is not relevant is not admissible. CRE 402. Further, even relevant evidence should be excluded where its probative value is substantially outweighed by the danger of unfair prejudice. CRE 403.

At trial, the prosecutor asked the investigating officer to describe defendant's arrest warrant. The officer then stated:

We have to show probable cause to the judge that we believe that ... we have just reason to pick this person up, that we have enough information with the statements and evidence that a person committed a particular crime. When we produce that amount of information, we put it on the probable cause warrant and present it to the judge. The judge reviews that information and makes a determination at that point if there is probable cause. If he [or she] feels there is, then he [or she] signs the warrant, and we place it on our computers.

Here, although defendant did not object to this testimony, whether the police had probable cause to arrest defendant was not at issue during the trial. The facts that the police believed they had enough evidence and that a judge found there was probable cause to arrest defendant had no rational tendency to prove that defendant committed the assault or that defendant was not justified in resisting the victim's use of force against him.

Although Colorado courts have not addressed this issue, courts in other jurisdictions have held that, where probable cause to arrest or search is not at issue, it is improper to present to the jury evidence about obtaining an arrest or search warrant. *See People v. Williams*, 159 Ill.App.3d 612, 112 Ill.Dec. 1, 513 N.E.2d 415 (1987)(reversible error when probable cause to arrest was not an issue and officer's testimony went beyond that necessary to describe the investigation and arrest); *Green v. State*, 81 Md.App. 747, 569 A.2d 741 (1990)(at jury trial, whether police had probable cause to search automobile was immaterial); *Commonwealth v. Sapoznik*, 28 Mass.App.Ct. 236, 549 N.E.2d 116 (1990)(admission in evidence of the details of the warrant procedure is error where probable cause is not at issue; magistrate's approval of warrant had no rational tendency to prove defendant exercised control of or intended to distribute drugs and thus, was irrelevant); *cf. People v. Perry*, 68 P.3d 472 (Colo.App.2002)(evidence of bench warrant was properly excluded; it did not show defendant's consciousness of guilt and thus was not admissible as "history of arrest" evidence).

We agree with the reasoning of those decisions and conclude that admission of testimony concerning the arrest warrant here was error.

## B. Plain Error

■ However, because defendant did not object to this testimony at trial, we must review for plain error. *See* Crim. P. 52(b).

■ Plain error ordinarily requires reversal only if, after reviewing the entire record, the appellate court concludes that the fairness of the trial was sufficiently undermined so as to cast serious doubt on the reliability of the conviction. *Wilson v. People*, 743 P.2d 415, 420 (Colo.1987). A plain error analysis requires a consideration of various factors, including the strength of the evidence against the defendant, the posture of the defense, and any persistent, improper remarks by the prosecutor. *See People v. Rodgers*, 756 P.2d 980 (Colo.1988).

Applying these factors here, we conclude that there was plain error.

First, we note that the evidence against defendant was not overwhelming. The incident that led to the charges against defendant resulted from a confrontation between defendant and the victim, during which the victim threw defendant against the wall and punched him in the face several times. De-

fendant raised the defense of self-defense, and the trial court stated that the evidence indicated a "very close case of self-defense." Further, while defendant was charged with one count of first degree assault, a class 3 felony, he was found guilty of first degree assault-heat of passion, a class 5 felony.

Second, the defense of self-defense was undermined here by the investigating officer's description of the procedure for obtaining an arrest warrant, which would reasonably lead the jurors to believe that both the police and a reviewing magistrate believed that there was probable cause to believe that defendant had committed an assault. This evidence would thus suggest to the jurors that neither the police nor the reviewing judge believed that defendant had the legal justification of self-defense, which would have precluded the issuance of an arrest warrant.

Third, defendant's ability to raise self-defense was further impaired by the prosecutor's twice stating during closing argument that only defendant could claim self-defense. Although defendant's objection to an earlier, similar statement by the prosecutor was sustained, he did not object to the prosecutor's later statements. These statements were improper because evidence of self-defense may come from any source. They were prejudicial because defendant's self-defense argument was based on his former girlfriend's written statement to police on the night of the altercation that she believed he had acted in self-defense. *See Case v. People,* 774 P.2d 866 (Colo.1989); *People v. Whatley,* 10 P.3d 668 (Colo.App.2000).

Taken together, these circumstances lead us to conclude that the improper testimony regarding the procedure for obtaining an arrest warrant and the prosecutor's mistaken statements that only defendant could claim self-defense sufficiently undermine our confidence in the reliability of the judgment of conviction. Therefore, defendant is entitled to a new trial.

## II. 911 Audiotape Evidence

Because it may arise on retrial, we address defendant's argument that the trial court abused its discretion by admitting an audio-tape of the statements the victim made during a 911 call. We disagree.

### A. Hearsay

■ Defendant contends that the tape was hearsay and the trial court improperly admitted it into evidence as an excited utterance. We disagree.

■ Pursuant to CRE 803(2), a hearsay statement is admissible as an excited utterance if its proponent shows (1) an occurrence or event was sufficiently startling to render inoperative the normal reflective thought processes of an observer; (2) the declarant's statement was a spontaneous reaction to the event and not the result of reflective thought; and (3) direct or circumstantial evidence supports an inference that the declarant had the opportunity to observe the startling event. *People v. Dement,* 661 P.2d 675, 678–79 (Colo.1983); People v. Martinez, 18 P.3d 831, 835 (Colo.App.2000).

■ In determining whether a statement is admissible as an excited utterance, the trial court is afforded wide discretion, and we will not disturb that determination on appeal if it is supported by the evidence. *People v. Martinez, supra,* 18 P.3d at 835.

Here, the victim immediately returned to the house after being stabbed, and when he saw the extent of his bleeding, R.A. called 911. Both R.A. and the victim spoke with the 911 operator while the victim was bleeding, having trouble breathing, and sweating profusely. The call was placed only fifteen minutes after the victim was stabbed. Being stabbed is a startling event, *see People v. Moore,* — P.3d —, 2004 WL 1690247 (Colo.App. No. 01CA1760, July 29, 2004), and thus it was within the trial court's discretion to determine that the victim was still under the excitement or stress of the stabbing.

### B. Confrontation Clause

■ We also reject defendant's argument that the statement was admitted in violation of his constitutional right to confront adverse witnesses because the tape was not introduced until after the victim's testimony.

The United States Constitution guarantees persons accused of crimes the right to confront witnesses presented against them. U.S. Const. amend. VI. The Confrontation Clause bars the use of testimonial statements made by a witness who does not appear at a criminal trial, unless the witness is unavailable to testify at trial and was subject to cross-examination at the time the statement was made. When the witness testifies and is subject to cross-examination, there is no Confrontation Clause violation. Further, where the statement is not testimonial, the Confrontation Clause is not implicated, and the admissibility of such a statement merely depends on the evidentiary rules regarding hearsay and the hearsay exceptions. *See Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 1373–74, 158 L.Ed.2d 177 (2004).

Here, the declarant, the victim, appeared and testified at trial. Thus, the Confrontation Clause is not implicated. Furthermore, on retrial, the People may play the 911 tape before the victim testifies, and the victim may testify and be cross-examined about it.

Because of our disposition, we need not address the other issues raised by defendant.

The judgment is reversed, and the case is remanded for a new trial consistent with this opinion.

Judge DAILEY and Judge GRAHAM concur.