Jimmy VASQUEZ, Petitioner

v.

The PEOPLE of the State of Colorado, Respondent.

No. 07SC50.

Supreme Court of Colorado, En Banc.

Nov. 13, 2007.

Douglas K. Wilson, Colorado State Public Defender, Todd E. Mair, Deputy State Public Defender, Denver, Colorado, Attorneys for Petitioner.

John W. Suthers, Attorney General, Laurie A. Booras, First Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

Today we again address the doctrine of forfeiture by wrongdoing, as recently discussed in *People v. Moreno*, 160 P.3d 242 (Colo.2007). In *Moreno*, we stated that to deprive a criminal defendant of his right to confront a witness, the defendant's wrongful conduct must have been "designed, at least in part, to subvert the criminal justice system by depriving that system of the evidence upon which it depends." *Id.* at 247. We thus joined the jurisdictions that require a showing of intent on the part of the defendant to prevent the witness from testifying at trial. *Id.* at 245.

In this case, the court of appeals held that Petitioner Jimmy Vasquez, by murdering his wife, forfeited his right to confront her in court. *People v. Vasquez*, 155 P.3d 565 (Colo.App.2006). Vasquez argues that the law cannot deem him to have forfeited his right to confront a witness unless the state can prove that he procured the unavailability of that witness with the intention of preventing testimony in the particular case at hand. Because the present charges for bail bond and restraining order violations were not brought against Vasquez until five months after he killed his wife, Vasquez argues that the homicide could not have been motivated by an intention to silence her regarding this case. Vasquez further argues that, even if he forfeited his right of confrontation, he should be able to object to the introduction of his wife's statements on hearsay grounds.

We hold that where (1) a witness is unavailable; (2) the defendant was involved in, or responsible for, procuring the unavailability of the witness; and (3) the defendant acted with the intent to deprive the criminal justice system of evidence, the defendant then forfeits his right to confront the witness in all proceedings in which the witness's statements are otherwise admissible. In order to establish forfeiture, these elements must be proved by a preponderance of the evidence in an evidentiary hearing outside the presence of the jury. The forfeiture applies to confrontation rights under both federal and state constitutions. We further hold that the doctrine of forfeiture by wrong-

doing does not preclude hearsay objections under the Colorado Rules of Evidence. We affirm Vasquez's conviction, and overrule the portions of the court of appeals' opinion that conflict with these holdings.

## I. Factual and Procedural History

Vasquez appeals his conviction for restraining order and bail bond violations.[1] Vasquez has also been involved in other criminal proceedings, which we describe where relevant to the case at hand. In June 2002, Vasquez was placed under a restraining order prohibiting contact with his wife, Angela Vasquez. In July 2002, Vasquez was arrested on harassment charges and was released on a bail bond which similarly prohibited contact with his wife. In August 2002, Angela Vasquez reported to the police that Vasquez was violating both the restraining order and the bail bond by calling her frequently and leaving phone messages. Based on these phone messages and statements made by his wife, Vasquez was convicted of violating bond conditions, a class six felony, and violating a restraining order, a class one misdemeanor.

Shortly after Angela Vasquez reported the bail bond and restraining order violations, and just two days before she was scheduled to testify in the separate harassment case referenced above, her body was discovered in a motel room. The officer who arrived at the homicide scene encountered Vasquez, who admitted that he had killed his wife because "she set [him] up." Vasquez was subsequently tried and convicted of first degree murder.

In the instant bail bond and restraining order case, the trial court relied in part on out-of-court statements by Angela Vasquez to police officers in which she identified Vasquez's voice on phone messages left on her answering machine and mobile phone. These messages were left during the period when Vasquez was prohibited from making contact with his wife. Vasquez argues that, because he had no opportunity to cross-examine Angela Vasquez at trial, the admission of her statements violated his Confrontation Clause rights under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

The trial court admitted Angela Vasquez's statements on the basis that Vasquez forfeited the right to confront his wife when he killed her and destroyed her ability to testify. The trial court also found, based on Vasquez's admission at the scene of the murder, that part of Vasquez's motivation in killing his wife was a desire to silence her with regard to this case. Finally, the trial court addressed Vasquez's hearsay objection and held that the statements were admissible under the residual exception to the bar on hearsay, CRE 807. The court found that the statements were reliable and more relevant than prejudicial.

Vasquez argued to the court of appeals that the forfeiture by wrongdoing doctrine requires a showing that (1) the defendant procured the unavailability of a witness with the intention of preventing the witness from testifying against the defendant, and (2) the defendant acted to prevent the witness from testifying in the particular case in which the hearsay evidence is offered. Vasquez argued that because there was no proof he killed his wife to cause her absence as a witness in the bail bond and restraining order trial, the forfeiture by wrongdoing doctrine could not apply. Vasquez maintained he could not have formed the intent to prevent his wife from testifying in this case because the case was not pending at the time of the murder.

The court of appeals rejected these arguments, affirming the trial court's finding that Vasquez forfeited his right of confrontation. *Vasquez*, 155 P.3d at 569. The court of appeals heard Vasquez's case before *Moreno* was decided, and declined to recognize an

---

**1.** We granted certiorari on the following two issues:

(1) Whether the "forfeiture by wrongdoing" doctrine applies, eliminating a defendant's constitutional right to confront the witnesses against him, in the absence of any facts indicating that the defendant's purpose was to silence the witness.

(2) Whether a defendant who loses his confrontation rights under the "forfeiture by wrongdoing" doctrine also loses his due process right to a fair trial based on reliable evidence admitted in accordance with the rules of evidence.

intent requirement in the doctrine of forfeiture by wrongdoing. *Id.* at 567. Having rejected the intent requirement, the court of appeals did not address the specificity of the intent that might otherwise be necessary. The court stated, "Whether he killed her to prevent her from testifying in this case, to prevent her from testifying in [another] case, or for some other purpose altogether, Vasquez cannot claim a right to confront a witness he intentionally killed." *Id.* at 569.

The court of appeals further held that the forfeiture by wrongdoing doctrine precludes not only a confrontation objection, but also a hearsay objection under the rules of evidence. *Id.* The court emphasized that hearsay rules and the Confrontation Clause both protect against the dangers of using out-of-court statements as proof. *Id.* Vasquez was deemed, by his wrongful conduct, to have forfeited the protections of both. The court therefore affirmed Vasquez's conviction.

## II. Analysis

In *Crawford*, the U.S. Supreme Court held that admitting testimonial hearsay at trial, absent the unavailability of the declarant and a prior opportunity for cross-examination by the defendant, violates the defendant's Sixth Amendment right to confrontation.[2] 541 U.S. at 68, 124 S.Ct. 1354. We subsequently adopted the *Crawford* test as the appropriate inquiry for the admission of testimonial hearsay under Colorado's confrontation clause.[3] *See People v. Fry,* 92 P.3d 970 (Colo.2004).

Relying in part on *Crawford*, this court recently held in *Moreno* that a criminal defendant can lose the right to confrontation under the doctrine of forfeiture by wrongdoing. 160 P.3d at 247. Where a defendant engages in wrongful conduct that is designed, at least in part, to subvert the "truth-seeking process," that defendant can be deprived of the protection of the Confrontation Clause. *Id.* at 246. With *Moreno*, Colorado joined the jurisdictions that interpret the forfeiture by wrongdoing doctrine to require a showing

that the defendant acted with the intent to prevent the witness from testifying at trial. *See, e.g., People v. Stechly,* 225 Ill.2d 246, 312 Ill.Dec. 268, 870 N.E.2d 333, 349–50 (2007); *Commonwealth v. Edwards,* 444 Mass. 526, 830 N.E.2d 158, 170 (2005); *State v. Wright,* 726 N.W.2d 464, 479 (Minn.2007); *State v. Romero,* 141 N.M. 403, 156 P.3d 694, 701–03 (2007); *State v. Ivy,* 188 S.W.3d 132, 147 (Tenn.2006); *State v. Mechling,* 219 W.Va. 366, 633 S.E.2d 311, 325–26 (2006). Today we further define the circumstances under which a criminal defendant can forfeit his confrontation rights.

### A. The Intent Requirement

■ The proper scope of the doctrine of forfeiture by wrongdoing is a question of law, which we review de novo. *Bernal v. People,* 44 P.3d 184, 198 (Colo.2002) ("Appellate review of a possible Confrontation Clause violation is de novo."). Vasquez argues that the doctrine of forfeiture by wrongdoing requires that we analyze the defendant's intent separately regarding each case in which the prosecution seeks to admit the victim's statements. Vasquez argues that the defendant should only be deprived of his confrontation rights in those particular proceedings that can be shown to have some direct relation to the defendant's motive for tampering. We reject such a narrow construction of the doctrine and hold, to the contrary, that a defendant's interference with a witness can work a forfeiture of the defendant's confrontation rights in all proceedings in which the witness's statements are otherwise admissible.

No jurisdiction examining the forfeiture doctrine has required a showing of intent that is specific to the particular case at hand. As we noted in *Moreno*, some jurisdictions make no inquiry whatsoever into the defendant's motive in procuring the unavailability of the witness. 160 P.3d at 245–46 (collecting cases). Jurisdictions requiring a showing of intent to establish forfeiture typically re-

---

**2.** The Sixth Amendment to the U.S. Constitution guarantees every criminal defendant the right "to be confronted with the witnesses against him." The Sixth Amendment right to confrontation applies to state as well as federal prosecutions. *Pointer v. Texas,* 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

**3.** The Colorado Constitution provides that "the accused shall have the right ... to meet the witnesses against him face to face." Colo. Const. art. II, § 16.

quire, as we did in *Moreno,* some variation of the following findings: (1) the witness is unavailable; (2) the defendant was involved in, or responsible for, procuring the unavailability of the witness; and (3) the defendant acted with the intent to deprive the criminal justice system of evidence. *See, e.g., Moreno,* 160 P.3d at 247; *Stechly,* 312 Ill.Dec. 268, 870 N.E.2d at 349–50; *Edwards,* 830 N.E.2d at 170; *Wright,* 726 N.W.2d at 479; *Romero,* 156 P.3d at 701–03; *Ivy,* 188 S.W.3d at 147; *Mechling,* 633 S.E.2d at 325–26.

Until now, no state jurisdiction employing the intent requirement has addressed a fact scenario in which a defendant had the requisite intent to work a forfeiture in one proceeding, then subsequently benefited (perhaps unwittingly) from the witness's unavailability in additional proceedings. However, federal courts, in construing Rule 804(b)(6) of the Federal Rules of Evidence,[4] have explicitly provided that the defendant's intent need not attach to any particular proceeding. *United States v. Gray,* 405 F.3d 227, 241 (4th Cir.2005); *United States v. Dhinsa,* 243 F.3d 635, 652–53 (2d Cir. 2001); *United States v. Emery,* 186 F.3d 921, 926 (8th Cir.1999). Although Colorado has not enacted a hearsay exception akin to Rule 804(b)(6), we have looked to the federal rule to clarify the contours of the forfeiture doctrine.[5] *Moreno,* 160 P.3d at 244.

 The plain language of the federal rule requires only that the defendant intend to render the declarant unavailable "as a witness." *Gray,* 405 F.3d at 241. As noted by the Fourth Circuit in *United States v. Gray:*

> The text does not require that the declarant would otherwise be a witness at any *particular* trial.... Rule 804(b)(6) applies *whenever* the defendant's wrongdoing was intended to, and did, render the declarant unavailable as a witness against a defendant, without regard to the nature of the charges at the trial in which the declarant's statements are offered.

*Id.* Federal courts have also extended this principle to situations where there was "no ongoing proceeding in which the declarant was scheduled to testify." *Dhinsa,* 243 F.3d at 652 (citing *United States v. Miller,* 116 F.3d 641, 668 (2d Cir.1997) and *United States v. Houlihan,* 92 F.3d 1271, 1279–80 (1st Cir. 1996)). We find this interpretation of the forfeiture doctrine persuasive.

This construction of the forfeiture doctrine comports with the doctrine's rationale: reducing the incentive to tamper with witnesses. *Edwards,* 830 N.E.2d at 167 (citing *Steele v. Taylor,* 684 F.2d 1193, 1202 (6th Cir.1982)). The forfeiture doctrine prevents defendants from profiting by their own misconduct; a defendant who eliminates a witness would otherwise be rewarded with the exclusion of that witness's out-of-court statements. Witness tampering is best deterred by a rule that captures all defendants who act with the intention of thwarting the judicial process and encompasses all of the proceedings in which truth-seeking will be compromised by those defendants' wrongdoing.

 We thus hold that where a court finds that (1) the witness is unavailable; (2) the defendant was involved in, or responsible for, procuring the unavailability of the witness; and (3) the defendant acted with the intent to deprive the criminal justice system of evidence, the defendant then forfeits his right to confront that witness at any proceeding in which the witness's statements are otherwise admissible. The forfeiture applies to confrontation rights under both federal and state constitutions. Criminal conduct is not required for forfeiture; by procuring the unavailability of the witness, the defendant commits the "wrongdoing" to which the doctrine refers. Furthermore, the defendant does not have to be under indictment or pending trial, and the declarant need not be a scheduled witness at the time of the defendant's interference. As stated in *Moreno,* preventing the witness's testimony does not

---

4. Rule 804(b)(6) reads:

 Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 ... Forfeiture by Wrongdoing. A statement offered against a party that has engaged or acquiesced in wrongdoing that was intended

 to, and did, procure the unavailability of the declarant as a witness.

5. Rule 804(b)(6) has been said by the U.S. Supreme Court to "codify" the doctrine of forfeiture by wrongdoing. *Davis v. Washington,* 547 U.S. ——, 126 S.Ct. 2266, 2280, 165 L.Ed. 2d 224 (2006).

have to be the defendant's sole motivation, but need be only one reason for the defendant's actions. 160 P.2d at 247.

## B. Standard of Proof, Procedural Requirements

▮ Vasquez argues that the doctrine of forfeiture by wrongdoing, however construed, must be applied using a clear and convincing evidence standard. We disagree. While the prosecution must prove the elements of a crime beyond a reasonable doubt, *see In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the preponderance of the evidence standard controls for determining preliminary questions relating to the admissibility of evidence. *People v. Bowers*, 801 P.2d 511, 518 (Colo.1990). State and federal courts that have considered the forfeiture doctrine have almost universally adopted a preponderance standard. *See Edwards*, 830 N.E.2d at 172 (collecting cases).

▮ We also join the jurisdictions that require an evidentiary hearing before a determination of forfeiture can be made. Outside the presence of the jury, the prosecution shall have the opportunity to prove by a preponderance of the evidence the elements of the doctrine of forfeiture by wrongdoing. Because the defendant's possible forfeiture of his confrontation rights is a preliminary question going to the admissibility of evidence, the hearing will be governed by CRE 104(a), which states that the determination shall not be bound by the rules of evidence except those with respect to privileges. Thus hearsay evidence, including the unavailable witness's out-of-court statements, will be admissible. The trial court's findings at the hearing will not be disturbed unless they are clearly erroneous. *People v. Castro*, 159 P.3d 597, 600 (Colo.2007).

## C. Application of the Forfeiture Doctrine to Vasquez

▮ The trial court in this case rendered its decision without the guidance of *Moreno*

or of today's opinion. Nonetheless, we affirm the trial court's determination that Vasquez forfeited his right to confront Angela Vasquez. The court held a pretrial hearing and made findings of fact which support the court's legal conclusion. It is undisputed that the witness was unavailable. The trial court found that Vasquez made a voluntary statement to the first arriving police officer that he had killed his wife, establishing that Vasquez was responsible for the witness's unavailability. Finally, the court found that Vasquez, in explaining why he killed the witness, said, "She set me up," from which the court deduced that Vasquez was motivated, at least in part, to silence her as a witness. Uncertain of the proper standard of proof, the trial court concluded that the prosecution presented not only a preponderance, but clear and convincing evidence that Vasquez was motivated at least in part to prevent the witness's testimony. These factual findings are supported by the record and shall not be disturbed on appeal.

Vasquez's argument that his confession was related not to this case but to another criminal case is inapposite in light of today's opinion. Nor does it matter that the case at issue was not yet filed at the time of the murder. The trial court's finding that Vasquez killed his wife with the motive to silence her as a witness is sufficient to establish a forfeiture of Vasquez's right to confront her in all of the proceedings in which her statements are otherwise admissible.

## D. Hearsay Objection

Vasquez argues that even if the doctrine of forfeiture by wrongdoing applies in this case, his wife's statements are inadmissible hearsay. Angela Vasquez's statements to police identifying her husband's voice in the messages left on her phone are out-of-court declarations offered into evidence to establish the truth of the matter asserted. The trial court admitted the statements on the basis of the residual hearsay exception in CRE 807.[6]

6. CRE 807 provides:
A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the state-

ment is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

The court of appeals treated the trial court's analysis of the hearsay issue as superfluous, holding that a finding of forfeiture by wrongdoing also precludes a defendant's hearsay objection. We disagree.

A number of jurisdictions, including the majority of federal courts that have addressed the issue, have held that forfeiture by wrongdoing automatically precludes a hearsay objection to the unavailable witness's testimony. *See, e.g., Houlihan,* 92 F.3d at 1281–82; *United States v. Mastrangelo,* 693 F.2d 269, 272 (2d Cir.1982); *Edwards* 830 N.E.2d at 170; *State v. Hallum,* 606 N.W.2d 351, 356 (Iowa 2000). As the court of appeals stated below, "[H]earsay rules and the Confrontation Clause are generally designed to protect similar values," both defending against the dangers of using out-of-court declarations as proof. *Vasquez,* 155 P.3d at 569 (quoting *United States v. White,* 116 F.3d 903, 912–13 (D.C.Cir.1997)). Furthermore, the Confrontation Clause, as a constitutional provision, provides "more expansive protections than a court-promulgated hearsay rule." *Id.* Nonetheless, many jurisdictions adopting this "double preclusion" rule make the caveat that there may be "some statements so lacking in reliability that their admission would raise due process concerns." *See Edwards,* 830 N.E.2d at 170 n. 21 (citing *United States v. Aguiar,* 975 F.2d 45, 47 (2d Cir.1992); *Devonshire v. United States,* 691 A.2d 165, 169 n. 6 (D.C.1997); *Hallum,* 606 N.W.2d at 355). ·

■■ We think the more prudent course is to require that the hearsay rules be satisfied separately. *See, e.g., People v. Giles,* 40 Cal.4th 833, 55 Cal.Rptr.3d 133, 152 P.3d 433, 446–47 (2007) ("[E]ven if it is established that a defendant has forfeited his or her right of confrontation, the contested evidence is still governed by the rules of evidence...."); *People v. Moore,* 117 P.3d 1, 4–5 (Colo.App. 2004) (holding that defendant's confrontation rights were forfeited and that victim's statements were admissible as excited utterances); *State v. Fields,* 679 N.W.2d 341, 345– 47 (Minn.2004) (analyzing separately forfei-

ture by wrongdoing and admissibility under Minnesota Rules of Evidence). As stated above, Colorado's Rules of Evidence do not include a forfeiture by wrongdoing exception to the rule against hearsay. *Compare* CRE 804, *with* Fed.R.Evid. 804(b)(6). Hearsay is presumptively unreliable evidence. The fact that the defendant has forfeited his confrontation rights by wrongdoing does not render the evidence reliable. We hold that where a defendant forfeits his right to confront a witness, the reliability of the evidence must still be ensured according to the standards of the Colorado Rules of Evidence.

■■■ We affirm the trial court's admission of Angela Vasquez's statements based on the residual exception to the hearsay rule, CRE 807. In *People v. Fuller,* we established five prerequisites for admissibility under CRE 804(b)(5) (now CRE 807):

[1] [T]he statement is supported by circumstantial guarantees of trustworthiness; [2] the statement is offered as evidence of material facts; [3] the statement is more probative on the points for which it is offered than any other evidence which could be reasonably procured; [4] the general purposes of the rules of evidence and the interests of justice are best served by the admission of the statement; and [5] the adverse party had adequate notice in advance of trial of the intention of the proponent of the statement to offer it into evidence.

788 P.2d 741, 744 (Colo.1990). Trial courts must make adequate findings on the record before admitting hearsay statements under the residual exception. *Id.*

■■ Here, the trial court applied the requirements of CRE 807 on the record.[7] In analyzing the reliability of Angela Vasquez's statements identifying Vasquez's voice, the court stated, "The deputy in this case has had an opportunity to independently talk to the defendant and has identified the voice on the tapes as being the same as the voice of the defendant in this particular case...."

---

7. To the extent that the trial court's findings were incomplete, we hold that the error was harmless. "Trial courts have considerable discretion in deciding on the admissibility of evidence, including application of the residual hear-

say exception." *People v. Carlson,* 72 P.3d 411, 420 (Colo.App.2003) (citing *Fuller,* 788 P.2d 741). We will not disturb a trial court's evidentiary ruling absent an abuse of discretion. *People v. Jensen,* 55 P.3d 135, 141 (Colo.App.2001).

(Hr'g Tr. vol. 5, 72, Dec. 22, 2003.) The court also found that this evidence is more relevant than it is prejudicial. Finally, the court noted (in its Confrontation Clause analysis) that admission of the statements would protect the integrity of the criminal justice system.

Although we affirm that the statements were admissible under CRE 807, we take issue with one aspect of the trial court's findings. Corroborating evidence is not an appropriate "circumstantial guarantee" supporting the reliability of Angela Vasquez's statements. The reliability of a statement should be determined by the circumstances that existed at the time the statement was made. *See Idaho v. Wright,* 497 U.S. 805, 822, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Nonetheless, the corroborating testimony of the deputy shows that any error in admitting the statement was likely harmless. In any case, the record reveals that the victim's statements had sufficient indicia of reliability to satisfy CRE 807. Angela Vasquez called the police and invited police officers to hear the phone messages. She provided recordings of the messages and gave the police the opportunity to independently verify the identity of the caller. The existence of the recordings at the time of Angela Vasquez's statements provides a sufficient circumstantial guarantee of the trustworthiness of those statements.

In addition, it is clear from the record that adequate notice was given; Vasquez filed a written objection to the introduction of these statements prior to trial. Furthermore, it is evident that the victim's statements were material, establishing Vasquez's telephone communications in violation of the bond and restraining order. The failure of the trial court to enumerate these points on the record was harmless error.

### III. Conclusion

In sum, we hold that where (1) a witness is unavailable; (2) the defendant was involved in, or responsible for, procuring the unavailability of the witness; and (3) the defendant acted with the intent to deprive the criminal justice system of evidence, the defendant then forfeits his right to confront the witness in all proceedings in which the witness's statements are otherwise admissible. In order to establish forfeiture, these elements must be proved by a preponderance of the evidence in an evidentiary hearing outside the presence of the jury. The forfeiture applies to confrontation rights under both federal and state constitutions. We further hold that the doctrine of forfeiture by wrongdoing does not preclude hearsay objections under the Colorado Rules of Evidence. We overrule the portions of the court of appeals' opinion which state otherwise. We thus affirm on other grounds the court of appeals' holding that the trial court did not err in admitting Angela Vasquez's statements. Vasquez forfeited his right to confront the witness, and the witness's out-of-court statements were admissible under the residual hearsay exception in CRE 807.