Jose **PENA**, Petitioner

v.

The **PEOPLE** of the State of Colorado, Respondent.

No. 06SC491.

Supreme Court of Colorado,
En Banc.

Nov. 13, 2007.

As Modified on Denial of Rehearing
Jan. 14, 2008.*

---

* Justice Eid does not participate.

Douglas K. Wilson, Colorado State Public Defender Kathleen A. Lord, Deputy State Public Defender, Denver, Colorado, Attorneys for Petitioner.

John W. Suthers, Attorney General, Laurie A. Booras, First Assistant Attorney General Appellate Division, Criminal Justice Section, Denver, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

The Petitioner, Jose Pena, argues that the court of appeals erroneously applied the doc-trine of forfeiture by wrongdoing in his case to allow into evidence out-of-court statements made by his accuser. *See People v. Pena,* No. 03CA0892, 2006 WL 20797 (Colo.App. Jan. 5, 2006) (not selected for official publication). Pena further argues that, even if he forfeited his right of confrontation, he should be able to object to the admissibility of the statements on hearsay grounds.[1]

Based on our opinion in *Vasquez v. People,* No. 07SC50, 173 P.3d 1099, 2007 WL 3342707 (Colo. Nov. 13, 2007), which we also announce today, we hold that the forfeiture doctrine was correctly applied in this case. We further hold that the challenged hearsay was admissible under the Colorado Rules of Evidence. We thus affirm Pena's conviction.

## I. Factual and Procedural History

Pena appeals his conviction for sexual assault on a child. In August 1992, a young girl (the victim) reported to police officers that Pena had forced her to engage in sexual intercourse. The police conducted a tape-recorded interview of the victim describing the assault, during which she stated that her date of birth was September 15, 1978 and that Pena was eighteen years old. The girl also made statements about the sexual assault to her mother, her aunt, a nurse, and an emergency room doctor. A sexual assault examination was performed, and the presence of semen was detected. DNA testing established that the semen sample matched Pena's DNA profile. A few days after the assault, a police officer spoke on the telephone to a male who identified himself as Pena. The man stated that he was eighteen years old and disputed the victim's allegations of sexual assault.

In October 1992, Pena was charged with a single count of sexual assault on a child in violation of section 18–3–405, C.R.S. (2007),[2]

---

1. We granted certiorari on the following two issues:
 (1) Whether the forfeiture by wrongdoing doctrine should be adopted in Colorado and, if so, whether application of the doctrine requires proof of defendant's intent to prevent the declarant from testifying at trial.
 (2) Whether, assuming *arguendo* that a defendant may be barred from raising a Confronta-tion Clause claim, the court of appeals erred in refusing to consider whether the challenged hearsay was admissible under the Rules of Evidence.

2. We cite to the most recent version of the Colorado Revised Statutes because the text of the relevant section is the same as it was at the time of Pena's trial.

which states, "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim." Following the filing of the charge, the victim disappeared. Later her body was found. Pena was later apprehended and charged with the girl's murder. Pena was convicted and sentenced to life in prison without the possibility of parole. His conviction was affirmed by the court of appeals, and this court denied certiorari. *People v. Pena*, No. 02CA0413, 2005 WL 2561448 (Colo.App. Oct. 13, 2005) (not selected for official publication), *cert. denied, Pena v. People*, 06SC258, 2006 WL 2590009 (Colo. Sept. 11, 2006).

In February 2002, Pena went to trial on the sexual assault charge. Over Pena's objection, the jury heard testimony from several witnesses recounting out-of-court statements made by the victim. The court also admitted the tape recording of the police interview in which the victim established her age and the age differential between her and Pena at the time of the sexual assault. The trial took place before *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), was decided by the Supreme Court, and the trial court did not address Confrontation Clause objections made by Pena in briefs to the court. Rather, the court ruled that the victim's statements were admissible based on exceptions to the bar on hearsay.[3] The jury found Pena guilty of sexual assault, and the court sentenced him to eight years in prison to run consecutively to his life sentence for murder.

In the court of appeals, Pena argued that the trial court violated his constitutional right of confrontation by admitting the victim's statements. Anticipating the court of appeals' invocation of the forfeiture doctrine, Pena argued that the doctrine requires a pretrial finding, by a preponderance of the evidence, that he killed the victim with the intent of procuring the victim's unavailability as a witness. Because the trial court made no findings regarding the murder or Pena's intent, Pena argued that the trial court did not satisfy the substantive requirements of the forfeiture doctrine.

The court of appeals rejected this argument, holding that findings from Pena's murder trial establish a forfeiture of Pena's confrontation rights in the case at hand. *Pena*, No. 03CA0892, slip op. at 8, 2006 WL 20797. In the murder proceeding, the jury heard evidence of Pena's motive to kill the victim, including evidence of the sexual assault and of Pena's efforts to persuade the victim to drop the sexual assault charge. The court of appeals in the present case concluded that the guilty verdict in the murder trial constitutes sufficient evidence that Pena murdered the victim with the intent to make her unavailable as a witness. *Id.* The court of appeals further stated that the verdict in the murder trial renders harmless any failure to hold a pretrial hearing in the present case. *Id.* at 9 (citing *United States v. Dhinsa*, 243 F.3d 635, 656 (2d Cir.2001) (ruling that failure to hold an evidentiary hearing may constitute harmless error if evidence presented at trial sufficiently establishes elements of forfeiture)).

The court of appeals did not examine whether or not the victim's challenged statements were admissible hearsay. The court rendered its decision without the guidance of our opinion in *Vasquez*,[4] and may have treated the hearsay objections as precluded by the finding of forfeiture.

## II. Analysis

### A. Doctrine of Forfeiture by Wrongdoing

 We announce today in *Vasquez* that where (1) a witness is unavailable; (2) the

---

3. The trial court was operating under the pre-*Crawford, Ohio v. Roberts*, regime. *See Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *Ohio v. Roberts* dictates that a hearsay statement made by an unavailable witness is admissible against a defendant only if the statement falls within a firmly rooted hearsay exception or bears particularized guarantees of trust-worthiness. *Id.* at 66, 100 S.Ct. 2531. Thus, the trial court focused its analysis on the hearsay rules.

4. In *Vasquez*, we reject the premise that forfeiture by wrongdoing automatically precludes a hearsay objection. *Vasquez*, No. 07SC50, op. 173 P.3d at 1106.

defendant was involved in, or responsible for, procuring the unavailability of the witness; and (3) the defendant acted with the intent to deprive the criminal justice system of evidence, the defendant then forfeits his right to confront the witness in all proceedings in which the witness's statements are otherwise admissible. *Vasquez*, No. 07SC50, op. 173 P.3d at 1101. In order to establish forfeiture, these elements must be proved by a preponderance of the evidence in an evidentiary hearing outside the presence of the jury. *Id.* The forfeiture applies to confrontation rights under both federal and state constitutions. *Id.*

 In accordance with these standards, we affirm the court of appeals' holding that Pena forfeited his right of confrontation in this case.[5] "Appellate review of a possible Confrontation Clause violation is de novo." *Bernal v. People*, 44 P.3d 184, 198 (Colo. 2002). Adjudicated facts from the murder proceeding establish that Pena killed the victim with the motive to silence her as a witness. Furthermore, the verdict in the murder trial, rendered beyond a reasonable doubt, more than satisfies the preponderance of the evidence standard required for a finding of forfeiture in this case. Finally, in light of the murder verdict and the requisite finding of intent, the absence of a pretrial evidentiary hearing to address the forfeiture issue constitutes harmless error.

### B. Hearsay

██ We establish in *Vasquez* that once a court makes a determination of forfeiture by wrongdoing, the court must next examine the admissibility of the victim's hearsay statements according to the Rules of Evidence. *Vasquez*, No. 07SC50, op. 173 P.3d at 1106. The court of appeals erred in this case by addressing only the forfeiture issue. The court neglected to review the trial court's decision to admit the victim's statements under various hearsay exceptions. Nonetheless, because the record below was fully developed with regard to Pena's hearsay objections, we are able to assess the

admissibility of the contested statements here as a matter of law.

Weighing the record, we hold that the victim's statements were admissible hearsay. In reaching this conclusion, we examine the three different hearsay exceptions relied on by the trial court. Depending on the subject matter and circumstances surrounding the introduction of the contested statements, the trial court relied alternatively on the child victim hearsay exception, section 13–25–129, C.R.S. (2007); the residual exception, CRE 807; and the statement of then existing physical condition exception, CRE 803(3). We examine the applicability of these exceptions in turn.

First, the trial court relied on the child victim hearsay exception, section 13–25–129, to admit statements by the victim describing the assault, the victim's age, and Pena's age. Section 13–25–129 provides for the admissibility of out-of-court statements by a child victim describing acts of abuse perpetrated on the child. Before we can assess the admissibility of statements introduced under this exception, however, we must address constitutional problems raised by section 13–25–129 post-*Crawford*.

Post-*Crawford*, section 13–25–129 cannot be constitutionally applied to admit out-of-court testimonial statements unless the defendant has forfeited his or her right of confrontation. *People v. Moreno*, 160 P.3d 242, 245 (Colo.2007) ("To the extent that the statute allows for the admission of out-of-court testimonial statements without the defendant being afforded an opportunity to cross-examine the declarant, it is now clear that the statute violates the confrontation guaranty of the Sixth Amendment."). The trial court below did not analyze Pena's Confrontation Clause objections prior to allowing the victim's statements into evidence under section 13–25–129. Thus, the trial court's admission of certain statements, particularly statements to a police officer that were concededly testimonial, might have violated

---

**5.** The People and Pena disagree over whether some of the hearsay statements admitted in this case were testimonial statements, as defined in *Crawford*. *See* 541 U.S. at 51–52, 124 S.Ct. 1354. Because we hold that Pena forfeited his ability to make confrontation objections to any of the victim's statements, testimonial or nontestimonial, we need not reach the question of which statements were testimonial.

Pena's right of confrontation. However, based on our holding in Part II.A., affirming that Pena forfeited his Confrontation Clause rights, we hold that no constitutional violation occurred.

■ Having addressed the constitutional issue, we now return to the admissibility of the statements introduced under section 13–25–129. Before a court can admit statements of a declarant who is unavailable, section 13–25–129 requires that the court make findings that the time, content, and circumstances of the contested statements provide sufficient safeguards of reliability and that there is sufficient corroborative evidence of the charged acts. Here, the trial court made the following findings: the victim related the assault incident to her aunt spontaneously, with no evidence of leading questions; the language used by the victim was appropriate for a thirteen-year-old; the statements were made within hours after the incident occurred; and the victim had no motive to fabricate the sexual assault. The court also found independent corroboration based on three factors: Pena's own statement on the telephone confirming his age, the medical evidence consistent with sexual assault, and the DNA evidence connecting Pena with the assault. We hold that these findings are sufficient to satisfy section 13–25–129, thus the statements in question were admissible as a matter of law.

■ The second hearsay exception relied on by the trial court was the residual exception, which was used to allow statements by the victim identifying Pena as the perpetrator of the sexual assault. The residual exception, codified in CRE 807, provides:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it....

In this case, the victim's statements of identification constituted material evidence that Pena was the proper defendant. The admissibility of the statements was examined at a pre-trial hearing, providing Pena with sufficient notice that the statements would be offered into evidence at trial. The trial court reviewed the circumstances in which the victim made the statements and found that there was no substantial probability that the identification was unreliable. We hold that the interests of justice were served by the admission of the statements. The statements satisfy the requirements of the residual exception and thus were admissible as a matter of law.

■ The third exception relied on by the trial court was CRE 803(3), the hearsay exception for statements describing a declarant's then existing physical condition. CRE 803(3) provides, "The following are not excluded by the hearsay rule: ... A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)...." In this case, CRE 803(3) was used to admit the victim's statement to a police officer describing physical injuries resulting from the sexual assault. The officer testified that the night of the assault, the victim complained that her wrists were sore from being held down. We hold that this statement is within the scope of CRE 803(3) and thus was admissible.

■ Finally, we note that additional hearsay statements were admitted into evidence at trial without objection by Pena. The trial court admitted testimony of a doctor and nurse who recounted statements made by the victim on the night of the sexual assault. The admissibility of these statements on hearsay grounds was not an issue preserved on appeal, and we do not address it here. Regardless, any error in admitting the particular statements would be harmless,

as the elements of the crime were established by other evidence in the case.

In sum, we hold that all of the victim's hearsay statements introduced at trial were admissible as a matter of law.

### III. Conclusion

Based on our opinion in *Vasquez*, which we also announce today, we hold that the doctrine of forfeiture by wrongdoing was correctly applied in this case. Pena forfeited his right to confront the victim by murdering her with the intent to silence her. We further hold as a matter of law that the victim's hearsay statements were admissible under the Colorado Rules of Evidence. We thus affirm Pena's conviction.

Justice EID does not participate.