**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE ARTURO PENA,

     Petitioner - Appellant,

v.

WARDEN STEVE HARTLEY; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

     Respondents – Appellees.

No. 12-1298
(D.C. No. 1:10-CV-02476-WYD)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND OTHER
REQUESTED RELIEF AND DISMISSING APPEAL**

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Jose Pena, a Colorado state prisoner, wants to appeal from the district court's

denial of his 28 U.S.C. § 2254 habeas petition.  The district court also denied his request

for a certificate of appealability (COA) and his application to proceed on appeal without

prepayment of fees (*in forma pauperis* or *ifp).*  28 U.S.C. § 1915(a).  He renews those

requests with this court.

Pena was convicted of sexual assault on a child in Weld County, Colorado.[1]  He

---

[1] C.Z., the juvenile female (age 14), reported the sexual assault in August 1992.

(Continued . . .)

appealed to the Colorado Court of Appeals for relief, claiming essential elements of the charge—his age and that of his victim—was established only by inadmissible evidence, which violated his right to confront witnesses. The Colorado Court of Appeals affirmed the conviction for sexual assault. *People v. Pena*, No. 03CA0892 (Colo. App. Jan. 5, 2006) (unpublished). The Colorado Supreme Court granted his petition for writ of certiorari and decided the forfeiture by wrongdoing doctrine defeated his confrontation claim and, in any event, the statements were admissible as a matter of law. *Pena v. People*, 173 P.3d 1107, 1113 (Colo. 2007). The court said:

> Adjudicated facts from the murder proceeding establish that Pena killed the victim with the motive to silence her as a witness. Furthermore, the verdict in the murder trial, rendered beyond a reasonable doubt, more than satisfies the preponderance of the evidence standard required for a finding of forfeiture in this case. Finally, in light of the murder verdict and the requisite finding of intent, the absence of a pretrial evidentiary hearing to address the forfeiture issue constitutes harmless error.

*Id*. at 1111.

---

Pena (age 18) was charged in October 1992. Following the charge, C.Z. disappeared. The day after her disappearance, Pena's parents sold his truck. Pena left for Mexico five days later. Several days after he left, C.Z.'s body was found. Pena was charged with her murder in September 1993. However, he remained at large until he was apprehended in 2001 at a random traffic checkpoint in New Mexico. He was using an alias when arrested, but was later correctly identified. He was returned to Colorado where he was tried and convicted of murder in Adams County and then tried and convicted of sexual assault in Weld County. While his appeal on the sexual assault charge was pending, his murder conviction was affirmed by the Court of Appeals. *People v. Pena*, No. 02CA0413 (Colo. App. Oct. 13, 2005) (unpublished).

In addition to this habeas petition Pena filed one relating to his murder conviction, which, like this one, was denied by the district court. His request for a COA from the denial of that habeas petition is pending in this court.

Pena filed a Colo. R. Crim. P. 35(c) motion for post-conviction relief in which he made several claims of ineffective trial counsel. He also claimed the admission at trial of the victim's testimonial statements to family members, police, and medical professionals violated his right to confront witnesses. The Colorado Court of Appeals denied his request for post-conviction relief and his petition for rehearing.

Pena filed a pro se § 2254 petition in the United States District Court of Colorado. He did not challenge the Colorado Supreme Court's factual findings or the application of forfeiture by wrongdoing. Instead, he argued the victim's statements were testimonial, and therefore violated his right to confront the witness. Upon Pena's motion, the district judge appointed counsel[2] but ultimately denied his claim. (R. at 497.) He also denied a COA and leave to proceed *ifp* on appeal. *See* 28 U.S.C. § 1915(a)(3).

Pena, pro se, filed a notice of appeal, a request for a COA, and an application to proceed without prepayment of fees on appeal. Through counsel, he filed a brief in support of his request for a COA. We may issue a COA only if Pena first makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can do so only by showing "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

---

[2] After Pena filed his habeas petition, he moved for appointment of counsel. Shortly thereafter he supplemented his motion, asking the court to appoint the state public defender who had represented him on his direct appeal (she had since moved to the federal public defender's office). The district judge appointed the federal public defender and his prior attorney was assigned to represent him in this habeas proceeding. That occurred approximately one year before the trial judge issued the final order.

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Pena raises one issue on appeal:[3]

The state court acted unreasonably in determining the threshold facts required to bar Mr. Pena's confrontation claim since: (1) there is no evidence *in this case* that supports a finding that he acted with the requisite intent to prevent the witness from testifying; and (2) there is no 'adjudicated fact' anywhere that supports such a finding. Absent a legitimate factual finding of the required intent, Mr. Pena's confrontation claim cannot be deemed forfeited.

(Petitioner's Br. at 13-14.)

We decline to address this argument because neither Pena, nor his appointed attorney, raised it in the district court. Indeed, the district judge specifically recognized the Colorado Supreme Court's determination of this issue was not challenged in Pena's §2254 petition.[4] Pena's brief in support of a COA makes no argument explaining why

---

[3] Prior to filing her opening brief, Pena's current appellate counsel (now in private practice) moved this court to remand the case to the district court, apparently for the purpose of presenting to that court the issue raised for the first time in briefs to this court. We denied the motion to remand. She also moved to be appointed as counsel in this matter. We denied her request but permitted her to represent Pena *pro bono* if she chose to do so. She subsequently entered her appearance and filed a brief.

[4] The district judge wrote:

The state courts' factual findings that Applicant murdered the victim in order to silence her are presumed correct in this federal habeas proceeding. Applicant does not challenge those factual findings here. Instead, he focuses his arguments on whether the admitted out-of-court statements were testimonial. However, that issue begs the question of whether the state courts' application of the forfeiture doctrine was consistent with controlling federal law. At the time Crawford and Davis were decided, the jury's verdict convicting Applicant of murdering the victim was sufficient to meet the State's burden of proof to establish a forfeiture of Applicant's

(Continued . . .)

- 4 -

we should ignore our settled rule. *Parker v. Scott*, 394 F.3d 1302, 1309 n.1 (10th Cir. 2005) (citing *Jones v. Gibson*, 206 F.3d 946, 958 (10th Cir. 2000) ("Petitioner did not make this argument in his revised habeas petition. Thus, this court need not consider it."); *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) ("[W]e will generally not consider issues raised on appeal that were not first presented to the district court.") (internal citation omitted).

Pena has not presented a reviewable issue. We DENY a COA, DENY his motion to proceed without prepayment of fees, and DISMISS this appeal. [5]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

Sixth Amendment confrontation rights.
(R. at 496-97.)

[5] Pena is liable for the entire filing and docketing fee even though his appeal is dismissed. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of appeal does not relieve a party from the responsibility to pay the appellate filing fee).